IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES P. MORGAN,

    Plaintiff,

v.                                      Civil Action No. 5:05CV43
                                                  (STAMP)
MICHAEL HOLLAND, MICHAEL W. BUCKNER,
B.V. HYLER and STEVEN F. SCHAAB, as
Trustees for the UNITED MINE WORKERS
OF AMERICA 1974 PENSION PLAN AND TRUST,

    Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**AND DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.   Procedural History

On April 1, 2005, the plaintiff, Charles P. Morgan, filed the above-styled civil action against the defendants, Trustees of the United Mine Workers of American ("UMWA") 1974 Pension Plan and Trust ("UMWA Pension Trust"), Michael Holland, Michael W. Buckner, B.V. Hyler and Steven F. Schaab ("Trustees"), to obtain judicial review of a decision by the Trustees. Specifically, the plaintiff asserts that the Trustees have acted in an arbitrary and capricious manner by denying the plaintiff rights to which he is entitled pursuant to the 1974 Pension Trust. On November 3, 2005, the plaintiff filed a motion for summary judgment. On December 20, 2005, the Trustees filed a cross-motion for summary judgment, which included a response to the plaintiff's motion for summary judgment. The plaintiff filed a reply.

Having reviewed the cross-motions for summary judgment, and the response and reply thereto, this Court finds that the Trustees' motion for summary judgment must be granted and the plaintiff's motion for summary judgment must be denied.

## II.  Facts

The 1974 Pension Plan and Trust was established pursuant to the National Bituminous Coal Wage Agreement of 1974. The 1974 Pension Trust is one of several separate employee benefit trusts collectively referred to as the UMWA Health and Retirement Funds.

According to a worker's compensation report, the plaintiff injured his back "while using a shovel" on May 7, 1991 and again on March 15, 1992. (Administrative Record, Trustees' Op. at 12.) The plaintiff was treated with physical therapy in August 1991 and again in March 1992. G.B. Krivchenia, II, M.D. determined that the plaintiff injured his back while shoveling and had been off work since March 16, 1992. The doctor felt that the plaintiff had degenerative disc disease with some chronic low back pain. On September 15, 1992, an MRI revealed mild disc degeneration at the L3-4 level, without herniation.

On December 29, 1992, the plaintiff was seen by John P. Griffith, M.D., an orthopedic surgeon. X-rays taken by Dr. Griffith revealed an irregularity of the spine at L3, with spurring and arthritic changes. Dr. Griffith found that the plaintiff was temporarily disabled and that he should finish his work hardening

2

program. Dr. Griffith proposed a 3% disability. According to the worker's compensation notice, a report dated January 7, 1993 from Dr. Griffith, the plaintiff had reached maximum medical improvement. On March 1, 1993, Wladimir Zyzenwsky, M.D. evaluated the plaintiff and based upon the plaintiff's complaints of low back pain determined that a neurological exam was necessary. A neurological exam for low back pain was performed on May 14, 1993, and "revealed normal nerve conduction and needle studies of the lower extremities without evidence for mononeuropathy or radiculopathy." (Id. at 13.) On August 19, 1993, Dr. Griffith recommended that the plaintiff have a "trial of work." (Id.) On July 16, 1996, the plaintiff was seen by George Tokodi, D.O. for complaints of bilateral shoulder pain, the right shoulder pain being worse than the left shoulder pain. The diagnosis was that the plaintiff had a bilateral torn rotator cuff and mass right shoulder. On September 25, 1996, a right shoulder acromioplasty and right shoulder removal of mass was performed on the plaintiff.

The plaintiff was injured in a mine accident on December 3, 1997, while performing classified work for a signatory employer. (Id. at 12.) Specifically, the plaintiff was carrying concrete blocks and then experienced lumbar pain. (Id.) The plaintiff's last day of work in the mines was December 3, 1997.

On February 3, 2003, the plaintiff was evaluated by Anil J. Patel, M.D. The plaintiff's complaints included neck and shoulder

3

discomfort, and lower back and left knee pain. The assessment by Dr. Patel was that the plaintiff had neck and back pain, post-laminectomy syndrome, neck sprain, and closed fracture, patella injury.

Further, in a letter dated August 17, 2004 from Thomas J. Schmitt, M.D., the doctor stated that he found that the plaintiff's diabetes does not prevent him from working. Specifically, in the letter, Dr. Schmitt states that, in response to the "question: 'Can multiple injuries to the back, as well as severe pain, medication for pain, and surgery for the same have an adverse affect on one's diabetes condition? If so, has Mr. Morgan's diabetes been aggravated by his work injuries?' The answer was no." Id.

On June 16, 2004, Srini Govindan, M.D., a neurologist, evaluated the plaintiff. The plaintiff told Dr. Govindan that on the day of the injury, when he was "shoveling and carrying blocks," he "felt a crack and felt soreness." (Administrative Record at 112.) According to Dr. Govindan:

> The etiology of the patients' 2001 laminectomy, radiculopathy, right L5 and persistent symptoms of pain, weakness, numbness, is the date of injury of 12/3/97. The patient has received conservative management, physical therapy, injections and medications like Amitriptyline and Vicodin. There was a progression based on the MRI of 3/23/99 following which surgery was done. Records also indicate that prior to the 1997 injury his problems were on the left and after the problems were on the right. This was documented by the clinical diagnosis by Dr. Gold and MRI findings. With regard to the aggravation of the pre-existing condition, the patient had a 1992 injury for which he was given a 5% impairment but no surgery. He went back to work and the 12/3/97

4

> date of injury caused the significant aggravation and persistent symptoms which finally required surgery in 2001. Surgery has helped but not completely removed all of the symptoms.

(Id. at 117.)

On January 9, 2002, the plaintiff applied for Social Security Disability Insurance ("SSDI") benefits because of diabetes mellitus, severe pain, back injury, sleep disturbance, depression and anxiety with an onset date of December 3, 1997. The plaintiff subsequently amended the onset date to June 22, 2001. The plaintiff's application was denied initially and also on reconsideration. The plaintiff requested a hearing and on July 14, 2003, the Administrative Law Judge ("ALJ") determined that the plaintiff did not have a listed impairment that was so severe that he was disabled as defined by law. Instead, the ALJ found that the plaintiff "lacks the residual functional capacity to" perform his past work. (Def.'s Mot. for Summ. J. Ex. A at 722.) Specifically, the ALJ found that the plaintiff could do "light sit/stand work" but due to his age, education and work experience, the plaintiff was disabled. (Id. at 723.) SSDI benefits were granted with an effective date of June 22, 2001 with the primary diagnosis of diabetes mellitus and secondary diagnosis of degenerative disc disease. The plaintiff applied for disability pension benefits from the 1974 UMWA Pension Trust on August 19, 2003.

The Trustees recognized that the plaintiff was in a mine accident on December 3, 1997. The Trustees also acknowledged that

the plaintiff is disabled, which was established by SSDI benefits awarded with an effective date of June 22, 2001. However, the Trustees assert that there is not a causal link between a mine accident and the plaintiff's disability. Thus, the UMWA Pension Trust denied the plaintiff's application for a disability pension. The disability pension analyst stated that the medical evidence in the record did establish a causal link between a mine accident and the plaintiff's disability. The denial of the plaintiff's application was upheld on administrative appeal.

The plaintiff then brought the above civil action against the Trustees on April 1, 2005. The plaintiff seeks judgment from the Trustees in the form of all back pension benefits and attorney's fees and costs pursuant to 29 U.S.C. § 1132g.

### III. Applicable Law

When an Employee Retirement Income Security Act ("ERISA") disability pension plan commits eligibility determinations to the discretion of the plan administrator or fiduciary, we review those determinations for abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2 80 (1989). "It is well-established that the abuse of discretion standard under Firestone is applicable to our review of the Trustees' decisions under the UMWA pension plans." Hale v. Trustees of United Mine Workers Health and Ret. Funds, 23 F.3d 899, 901 (4th Cir. 1994). Under this standard, "we will not disturb

such a decision if it is reasonable." Booth v. Wal-Mart Stores, Inc. Assoc. Health and Welfare Plan, 201 F.3d 355, 342 (4th Cir. 2000).

Although this Court may consider many factors in determining the reasonableness of a fiduciary's discretionary decision, see Booth, 201 F.3d at 342-343,; Brogan v. Holland, 105 F.2d 158, 161 (4th Cir. 1997); Lockhart v. United Mine Workers of Am. 1974 Pension Trust, 5 F.3d 74, 77 (4th Cir. 1993), the only factor at issue here is the degree to which the considered materials support the Trustees' decision. See Booth, 201 F.3d at 342 (listing the "adequacy of the materials considered to make the decision" as a factor). In other words, given the context of this case, the Trustees' decision is reasonable if it is supported by substantial evidence. See Bernstein v. CapitalCare, Inc., 70 F.3d 783, 788 (4th Cir. 1995).

Under the abuse of discretion standard applicable in the instant civil action, this Court is limited to reviewing only the administrative record that was before the Trustees at the time of their initial decision denying pension benefits. Sheppard & Enoch Pratt Hosp., Inc., v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994).

## IV. Discussion

A plaintiff must make three showings to be eligible for a disability pension under the 1974 UMWA Pension Trust. See Boyd v.

Tr. of United Mine Workers Health & Retirement Funds, 873 F.3d 57, 59 (4th Cir. 1989). First, the plaintiff must establish that he was involved in a mine accident. Id. Second, he must show that he has been awarded Social Security Disability Insurance ("SSDI") benefits, thus conclusively establishing that he has a disability (qualifying disability). Robertson v. Connors, 878 F.2d 472, 475 (4th Cir. 1975). Finally, he must prove that the mine accident proximately caused, or was substantially responsible for the qualifying disability. Id.; Boyd, 873 F.2d at 59.

The Trustees use a set of inquiries called "Q&As" to help them interpret the terms of the 1974 Pension Plan. See Brogan, 105 F.3d at 162. The Trustees promulgate these "Q&As" pursuant to their authority under the Plan to issue rules and regulations implementing the Plan. See Lockhart v. United Mine Workers of Am. 1974 Pension Trust, 5 F.3d 74, 77, 78 (4th Cir. 1993). The Fourth Circuit held that a district court must "afford the Trustees' interpretation of these rules the same deference that we give the Trustees' interpretation of the language of the Plan itself." Brogan, 105 F.3d at 162.

"Q&A" 252 states that a miner cannot be totally disabled as a result of a mine accident if the disability is a progressive disease. Specifically, it states that:

> miners who become disabled by progressive disease such as black lung, silicosis, tuberculosis, arthritis, rheumatism, etc. cannot be considered disabled as a result of a "mine accident" under the 1974 Pension Plan.

8

(Defs.' Mot. for Summ. J. Ex. C. at 3.)

In his motion for summary judgment, the plaintiff asserts that the Trustees abused their discretion by failing to grant the plaintiff benefits under the terms of the 1974 Pension Trust. Specifically, the plaintiff asserts that there were four separate mining accidents which gave rise to compensable injuries. This Court notes that the plaintiff cites to, and the record includes, medical evidence of three mining accidents, which occurred in May 17, 1991, March 15, 1992 and December 3, 1997. The plaintiff does not provide any evidence of a fourth mining accident. Therefore, this Court will only consider these three mining accidents for purposes of this civil action. See Sheppard & Enoch Pratt Hosp., Inc., 32 F.3d at 125 (this Court is limited to reviewing only the administrative record). Further, the plaintiff contends that the opinions of Dr. Govindan and Dr. Schmitt support his contention that he suffered injuries to his back as the result of a mining accident. Thus, the plaintiff asserts that the substantial evidence on the record does not support the Trustees' finding that the plaintiff was not totally disabled as a result of a mining accident.

In their motion for summary judgment and in opposition to the plaintiff's motion for summary judgment, the Trustees contend that summary judgment is appropriate because the Trustees' determination is supported by substantial evidence. Specifically, the Trustees

assert that: (1) the plaintiff's diabetes mellitus was not caused by a mine accident and was his primary disabling condition; (2) the plaintiff's back pain was the result of a degenerative condition, a progressive disease, which was first noted in 1992; (3) Dr. Govindan's opinion that the plaintiff was disabled due to a work injury should be given little weight due to the substantial evidence to the contrary; and (4) the plaintiff's disability onset date is nearly four years after his most recent mine accident. In reply, the plaintiff asserts that he only needs to show that his mine injury proximately caused or was substantially responsible for his disability, not that the primary condition for which he was granted disability benefits by the Social Security Administration ("SSA") was caused by a mine accident.

In this civil action, it is undisputed that the plaintiff has met the first two requirements. With respect to the third requirement, the Trustees determined that the plaintiff's disability was substantially caused by insulin dependent diabetes mellitus, degenerative disc disease status post laminectomy, degenerative joint disease and osteoarthritis.

The Trustees' conclusions are supported by the following statements:

• The plaintiff was involved in a mine accident on December 3, 1997, that meets Plan requirements;

• The Administrative Law Judge ("ALJ") granted social security benefits effective June 22, 2001, more than four years after the mine accident in 1997;

10

- The ALJ found that the plaintiff was disabled because of insulin dependent diabetes mellitus, degenerative disc disease status post laminectomy, degenerative joint disease and osteoarthritis.

- Insulin dependent diabetes mellitus is a disorder in which blood sugar (glucose) levels are abnormally high because the body does not produce enough insulin. This would not be considered related to a mine accident.

- Radiology studies revealed spondylolisthesis at L4-5.

- The records indicate that the plaintiff has a history of back pain and degenerative disc disease as far back as 1992, prior to the mine accident in December 3, 1997.

- Osteoarthritis is also known as degenerative arthritis, degenerative joint disease and degenerative disc disease. Degenerative disc disease is a progressive condition that is related to the normal aging process. The heavy labor that the plaintiff performed would be expected to exacerbate the degenerative process in his spine and this would lead to increased symptoms as degeneration progressed, but this condition does not result from one specific event, such as a mining accident.

- The medical records of evidence fail to show a causal relationship between the impairments that are the basis of the plaintiff's social security disability and the mining accident that occurred on December 3, 1997.

(Trustees Op. Dec. 14, 2004 at 8-10.)

The Trustees found, based on a preponderance of the medical records of evidence, that the plaintiff is not disabled due to a mining accident. This Court finds that the evidence supporting the Trustees' decision is substantial, and that it was reasonable for the Trustees to conclude that the plaintiff's disability was proximately caused by insulin dependent diabetes mellitus, degenerative disc disease status post laminectomy, degenerative joint disease and osteoarthritis, not by a mine accident.

11

As noted by the United States Court of Appeals for the Fourth Circuit, in McCoy v. Holland, 364 F.3d 166, 172 (4th Cir. 2004), any medical judgments should be made by a trained medical professional, not by the district court. Moreover, McCoy held that "degenerative disc disease cannot be proximately caused by a mine injury for purposes of the UMWA 1974 Pension Plan." Id. Thus, if a mine worker's SSDI award states that he is disabled as a result of degenerative disc disease, then he "must prove to the Trustees that a mine accident combined with or exacerbated his disc disease to proximately cause his disability." Id.

This Court finds that the Trustees based their decision upon all of the medical evidence submitted by the plaintiff. The plaintiff has failed to prove that the Trustees abused their discretion in finding that the plaintiff is not disabled as a result of a mine accident.

It is undisputed that Dr. Schmitt, in a letter dated August 17, 2004, determined that the plaintiff's diabetes does not prevent him from working. (Trustees' Op. at 8.) However, as the Trustees noted, Dr. Schmitt's opinion is not supported by any analysis and is contradicted by the ALJ's determination that the plaintiff's primary disability was insulin dependent diabetes mellitus. There is also no evidence in the record that Dr. Schmitt treated the plaintiff following the mine accident in December 1997, which was effectively three and a half years before the ALJ determined that

12

the plaintiff was disabled.  Thus, the Trustees' decision that the plaintiff's diabetes mellitus was his primary disabling condition is supported by substantial evidence.

The Trustees found that the plaintiff's back problems were the result of several degenerative conditions, specifically, degenerative disc disease status post laminectomy, degenerative joint disease and osteoarthritis.  It is undisputed that Dr. Govindan found that the plaintiff's "back injuries are from the accident of December 3, 1997." (Pl.'s Mot. for Summ. J. at 8.) However, this Court agrees with the Trustees that the opinion of Dr. Govindan is contrary to the substantial evidence of the other doctors who were unable to find a direct correlation between the plaintiff's degenerative disorders of the spine and his mining accident.  Furthermore, the ALJ determined that the plaintiff could do "light sit/stand work," but due to his age, education and work experience, the plaintiff was disabled. (Administrative Record at 723-24.)

As stated above, there is evidence throughout the record of the existence of diabetes and degenerative disorders.  There is also evidence of several mining accidents, occurring in 1991, 1992 and 1997.  The controlling consideration in this civil action is that there is no real evidence of interconnection to support a finding of combination necessary to establish "'substantial responsibility' on the part of [the] mine accident in establishing

13

total disability." Chicarelli v. UMWA Health and Retirement Funds, 943 F.2d 457, 459 (4th Cir. 1991). While the medical problems of diabetes and degenerative disorders of the spine are mentioned, the plaintiff has failed to prove that the medical problems are connected with the mine accident.

In addition, in determining whether the required causal link exists between the plaintiff's disability and the mine accident, the Fourth Circuit has traditionally given great weight to the date of disability set by the SSA. See, e.g. Horn v. Mullins, 650 F.2d 35, 37 (4th Cir. 1981). In this civil action, the SSA determined that the onset of the plaintiff's disability was June 22, 2001. This date is about three and a half years after the plaintiff was injured in the mine accident. Thus, this Court finds that the Trustees' decision was supported by substantial evidence that the progressive nature of the plaintiff's degenerative disorders of the spine, not the plaintiff's mine injury, caused his back problems.

Upon review of the medical reports and opinions submitted to the Trustees, this Court finds that the Trustees' decision was reasonable and supported by substantial evidence. Accordingly, the Trustees did not abuse their discretion by determining that the plaintiff had not made a showing that the mine accident caused his disability in this civil action.

## V. Conclusion

For the reasons stated above, this Court finds that the motion for summary judgment of the plaintiff, Charles P. Morgan, is hereby DENIED and the motion for summary judgment of the defendants, Michael H. Holland, Michael W. Buckner, B.V. Hyler and Steven F. Schaab as Trustees for the United Mine Workers of America 1974 Pension Plan and Trust, is hereby GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 27, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE